# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LILIAM COREY,**

       **Plaintiff,**

**v.**                                          **Case No: 6:12-cv-784-Orl-28GJK**

**STONE TILE DIRECT, LLC, MACG HOLDINGS, LLC, STONE TILE GROUP MANAGEMENT CO., LLC, CHRISTOPHER GUADAGNOLI and MIRZE MEHMET ADIYAMAN,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR COURT'S ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS** (Doc. No. 42) |
| **FILED:** | August 16, 2013 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED for lack of subject matter jurisdiction**.

On July 2, 2013, the Court entered an order approving the parties' Fair Labor Standards Act (the "FLSA") settlement agreement "solely to the extent that the Court finds the consideration paid to Plaintiff is fair and reasonable," and dismissed the case with prejudice. Doc. No. 41. Before the Court's order dismissing the case with prejudice, the parties did not request that the Court retain subject matter jurisdiction to enforce the terms of the settlement agreement. *See* Doc. No. 34. On August 16, 2013, Plaintiff filed an Unopposed Motion for

Court's Entry of Final Default Judgment Against Defendants (the "Motion"), stating that Defendants have failed to comply with the payment terms of the settlement agreement and requesting that Court enter default judgment against the Defendants pursuant to the terms of the settlement agreement.  Doc. No. 42.[1]  In the Motion, Plaintiff does not address the Court's subject matter jurisdiction to grant the relief requested or otherwise provide any memorandum of legal authority. Doc. No. 42.

Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82 (1994), unless it does so expressly in its order dismissing the action or unless it expressly incorporates the terms of the settlement agreement into its order of dismissal, a district court does not have subjection matter jurisdiction to enforce the terms of a settlement agreement.  *Id*.  "The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and therefore requires its own basis for jurisdiction."  *E-Z Load Gate, Inc. v. American Moto Products, Inc*., 2009 WL 3246414 at *4-5 (M.D. Fla. Oct. 6, 2009) (internal quotations omitted).   In this case, the Court neither retained jurisdiction to enforce the terms of the settlement agreement nor did it expressly incorporate the terms of the settlement agreement into its order of dismissal.  *See* Doc. Nos. 37, 41 (approving settlement agreement "solely to the extent that the Court finds the consideration paid to Plaintiff is fair and reasonable.").  Thus, although the Motion is unopposed, because it is essentially a breach of contract action, the Court lacks subject matter jurisdiction to enforce the terms of the settlement agreement.  *Kokkonen*, 511 U.S. at 378-82.  Accordingly, it is recommended that the Court **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved

---

[1] Plaintiff attaches an Agreed Upon Stipulated Judgment to the Motion, wherein Defendants agree to the entry of a default judgment against them with attorneys' fees and costs to be determined by affidavits.  Doc. No. 42 at 4-7.

party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

      **RECOMMENDED** in Orlando, Florida, on November 5, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy